| | | |
|---|---|---|
| CHATTERY INTERNATIONAL, INC. | * | IN THE |
| 1918 Foal Lane | | |
| Potomac, MD 20878 | * | |
| | | |
| and | * | CIRCUIT COURT |
| | | |
| SHANGHAI SHENDA SOUND | * | |
| ELECTRONIC CO., LTD., | | WDQ10CV2236 |
| 5th Bridge Jiazhu Road | * | FOR |
| JiaDing, Shanghai, China | | |
| | * | |
| Plaintiffs, | | |
| | * | HOWARD COUNTY |
| v. | | |
| | * | |
| JOLIDA, INC. | | |
| 10820 Guilford Road | * | Case No. |
| Annapolis Junction, MD 20701 | | |
| | * | |
| SERVE ON: | | |
| Michael Allen | * | |
| 21310 Ridgecroft Drive | | |
| Brookeville, MD 20833 | * | |
| | | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs, Chattery International, Inc. ("**Chattery**") and Shanghai Shenda Sound Electronic Co., Ltd. ("**Shenda**"), by and through their undersigned counsel, hereby sue Defendant, Jolida, Inc. ("**Jolida**" or "**Defendant**") and state and allege as follows:

## PARTIES

1. Plaintiff Chattery is a corporation organized and existing under the laws of Maryland, and having its principal place of business at 1918 Foal Lane, Potomac, Maryland 20878, in Montgomery County, Maryland. Chattery's main business is the distribution of audio products in the United States.

2. Plaintiff Shenda is a corporation organized and existing under the laws of China and having its principal place of business at the Eastside of 5th Bridge Jiazhu Road, JiaDing, Shanghai, China. Shenda's main business is the manufacture and distribution of consumer audio products, which are branded using the Trademark. Shenda is a wholly-owned subsidiary of Chattery.

3. Defendant Jolida is a corporation organized and existing under the laws of Maryland and having its principal place of business at 10820 Guilford Rd, Annapolis Junction, Maryland 20701, in Howard County, Maryland. Jolida is a privately-held company that distributes consumer audio products. Upon information and belief, Jolida has sold Shenda's consumer audio products bearing the Trademark throughout the State of Maryland and the United States, without authorization to do so.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction pursuant to Md. Ann. Code, Cts. & Jud. Proc.. 6-101 and 6-102.

5. Venue is proper under Md. Ann. Code, Cts. & Jud. Proc.. 6-201-a. Defendant, Jolida, has conducted substantial and continuous business in Howard County, Maryland. Furthermore, Jolida's principal office and principal place of business is in Howard County, Maryland. Further, a substantial part of the events giving rise to this action occurred in this jurisdiction.

## NATURE OF THIS ACTION

6. This is an action for injunctive relief and damages against a distributor who has, in violation of its agreement with the manufacturer, began to market its own products

or those manufactured by third parties under the manufacturers' trademark. As set forth herein, Defendant has deliberately, and without authorization, used and exploited Plaintiff Shenda's brand name and trademark, JOLIDA ("the **Trademark**"), on, or in connection with the sale of audio products. This action arises under a 1997 Agreement (defined below) between Plaintiff Chattery and Defendant, pursuant to which the parties agreed that Defendant would be the exclusive distributor in the United States and Europe of consumer audio products manufactured by Shenda (a subsidiary of Chattery). The 1997 Agreement also provided that Shenda would be the owner of the Trademark, which is used to identify the products manufactured by Shenda. In violation of that Agreement, however, Defendant has been using the Trademark to sell Defendants' own products in competition with Plaintiff. As Shenda was the intended third party beneficiary of that contract, Shenda asserts contract rights based upon that contract.

7. Plaintiffs seek (1) injunctive relief against Defendant's continued unauthorized and improper commercial use and exploitation of the Trademark (and any other trademark confusingly similar to Plaintiffs' Trademark) on, or in connection with, the sale of any audio products, including Defendant's components or accessories; and (2) monetary damages arising from Defendant's breach of contract and past and present infringement, along with reimbursement of Plaintiffs' attorney's fees and costs for having to bring suit to enforce their rights; and (3) damages for Defendant's failure to make required payments to Shenda as contractually required.

## FACTS COMMON TO ALL COUNTS

8. In 1996, Jolida and Chattery agreed to incorporate Shenda pursuant to a joint venture agreement. (the "**JV Agreement**"). Shenda was jointly created for the purpose of manufacturing and distributing consumer audio products.

9. Jolida breached the JV Agreement by failing to make capital contributions required thereunder.

10. On or about May 26, 1997, Jolida and Chattery entered into an Agreement (the "**1997 Agreement**") to settle the dispute between the parties that arose from Jolida's breach of the JV Agreement. A copy of the 1997 Agreement is attached hereto as Exhibit A, together with an English translation of that Agreement.

11. Pursuant to the 1997 Agreement: (a) Jolida transferred all of its shares in Shenda to Chattery and assigned all rights in the Trademark to Shenda, such that Shenda became the sole worldwide owner of the Trademark; (b) Jolida agreed that all intellectual property rights with respect to the audio products manufactured by Shenda shall be exclusively owned by Shenda; and (c) Chattery, on behalf of Shenda, granted Jolida (i) the right to be the exclusive distributor of Shenda's audio products within the United States and Europe, and (ii) a license to use the Trademark and associated logo solely for purposes of distributing Shenda's audio products.

12. The 1997 Agreement further provided that Jolida was not to seek the registration of the Trademark arising from its distribution right without Shenda's prior consent. Additionally, the 1997 Agreement provided that the distribution granted to Jolida was also exclusive with respect to Jolida and accordingly, Jolida agreed to not produce or have any other third parties produce products that were manufactured by Shenda.

13. Jolida has recently breached the 1997 Agreement by, among other things: (a) failing to make the payments to Shenda as required by the 1997 Agreement for the period of January 2008 through present; (b) unbeknownst to Plaintiffs, associating itself with a new Chinese manufacturing company for audio products; (c) soliciting Shenda's employees,

including staff and managers, to work for this new manufacturing company; and (d) causing the manufacture and production of audio products that are identical to the products of Shenda, and which use the Trademark, and (e) selling these audio products in the United States.

14. Jolida has further breached the 1997 Agreement by registering the Trademark in the United States (Registration No. 3,209,962) without Plaintiffs' prior knowledge or consent. A copy of the United States Registration is Exhibit B hereto. Jolida was not entitled to obtain any trademark registration as it is not the owner of the Trademark and, prior to 2008, had not been using the Trademark in commerce other than as a distributor of Shenda's products. Defendant, as a distributor of Shenda's audio products, did not acquire any trademark rights in the Trademark (other than a limited license as contemplated by the 1997 Agreement), which remains the property of Plaintiff Shenda. For example, the U.S. Patent and Trademark Office, *Trademark Manual of Examining Procedure,* provides in pertinent part that:

> A distributor, importer or other distributing agent of the goods of a manufacturer or producer does not acquire a right of ownership in the manufacturer's or producer's mark merely because it moves the goods in trade. . . . A party that merely distributes goods bearing the mark of a manufacturer or producer is neither the owner nor a related company user of the mark.

15. Shenda registered the Trademark in China (Chinese trademark registration number 1163193). A copy of the English translation of the Chinese registration for the Trademark issued on March 28, 1998, valid through March 27, 2018, is attached as Exhibit C hereto.

16. Jolida is infringing Shenda's rights with respect to Shenda's trademark and other intellectual property rights and has caused irreparable harm to Shenda as a result of these actions.

17.  By using the Trademark, Jolida has confused and is likely to continue to confuse the public of the origin of Shenda's products by leading them to believe that they are purchasing products of Shenda, which is not the case.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (Unauthorized Use and Registration of Trademark)

18.  Plaintiffs re-allege each and every allegation in paragraphs 1 through 17 inclusive, and incorporate them by reference herein.

19.  On or about May 26, 1997, Plaintiffs and Defendant entered into the 1997 Agreement.

20.  By the terms of the 1997 Agreement, Defendant transferred all of its shares in Shenda to Chattery. Plaintiffs agreed to an exclusive sales provision granting that Defendant be the exclusive distributor for audio products manufactured by Shenda. By terms of the 1997 Agreement, Defendant transferred all right, title, and interest in and to all of Defendant's rights in the Trademark to Shenda. The parties agreed to use the Trademark for audio products manufactured by Shenda. The parties further agreed that the Trademark used on the audio products manufactured by Shenda shall belong to Shenda and shall be registered by Shenda in China. The parties further agreed that if Defendant ever wishes to register the Trademark for these audio products in the United States or Europe, Defendant *must* obtain authorization from Shenda. Defendant was explicitly prohibited to produce by itself or ask others to produce products that are identical to Plaintiffs' audio products.

21.  Shenda is the ultimate, foreseeable, and intended third party beneficiary of the 1997 Agreement between Chattery and Defendant. Both parties to the 1997 Agreement

expressly assigned all intellectual property rights to Shenda. Defendant further specifically assigned Shenda all of its rights in the Trademark.

22. Plaintiffs have performed all conditions, and promises required by them on their part to be performed in accordance with the terms and conditions of the 1997 Agreement.

23. On or about September 19, 2005, Defendant breached the 1997 Agreement by filing a trademark application, designating itself as the owner, with the United States trademark office, an application for the Trademark without first obtaining authorization from Shenda. Furthermore, the Defendant breached the 1997 Agreement by contracting with another manufacturing company than Shenda to produce identical consumer audio products for Defendant, which Defendant sold in the United States branded with the Trademark.

24. Chattery and Shenda have been damaged as a result of Defendant's breach of the 1997 Agreement in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

### SECOND CAUSE OF ACTION
### Breach of Contract
### (Plaintiff Shenda against Jolida, Inc. USA)

25. Plaintiffs re-allege each and every allegation in paragraphs 1 through 24 inclusive, and incorporate them by reference herein.

26. By the terms of the 1997 Agreement, Defendant agreed to distribute Shenda's manufactured consumer audio products in the United States and Europe. Defendant and Shenda acted in compliance with the 1997 Agreement from 1997 through December 2007.

27. On or about January 2008, Shenda provided Defendant with another shipment of its consumer audio products, as ordered by Defendant. Defendant has taken

possession of the products, but has since failed to provide payment for the January 2008 delivery of audio products as is required under the 1997 Agreement.

28. Shenda has been damaged as a result of Defendant's breach of the 1997 Agreement by failing to pay for the delivery of audio products, in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

## THIRD CAUSE OF ACTION
### False Designation of Origin and Unfair Competition
### 15 U.S.C. §1125(a)
### (Plaintiff Shenda against Defendant)

29. Plaintiff re-alleges each and every allegation in paragraphs 1 through 28 inclusive, and incorporates them by reference herein.

30. In connection with Defendant's advertisement, promotion, distribution, sales and offers of sales of its consumer audio products, Defendant has used in commerce, and continues to use in commerce, Shenda's Trademark.

31. In connection with Defendant's advertisement, promotion, distribution, sales and offers of sales of its own consumer audio products, Defendant has affixed, applied and used a false designation of origin and has made false and misleading statements of fact, including descriptions and representations, which tend falsely to describe the origin, sponsorship, association or approval by Shenda of Defendant's own manufactured goods.

32. In Shenda's and Defendant's relation as foreign manufacturer and its exclusive United States distributor, Shenda is the rightful owner of the Trademark, registered with the United States Patent and Trademark Office, registration number 3209962.

33. Defendant's use of the Trademark on Defendant's goods constitute false descriptions and representations which tend to falsely describe or represent Defendant and Defendant's products as being authorized, sponsored, affiliated or associated with Shenda.

34. Defendant's audio products equipped with the Trademark has created, and continues to create, a likelihood of confusion, mistake, and deception as to the origin, sponsorship, or approval of Defendant's audio products among the public.

35. Defendant's acts, as set forth above, have caused irreparable injury to Plaintiff Shenda's goodwill and reputation. The injury to Plaintiffs is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries and Plaintiffs lack an adequate remedy at law.

36. Defendant was aware of its agreement with Plaintiffs, by which the Trademark was assigned to Shenda. Defendant therefore acted with intent when applying the Trademark to the audio products produced by a manufacturer other than Shenda, and therefore has intentionally caused confusion, and is likely to cause confusion, amongst the public. Defendant acted with intent to improperly appropriate back to itself intellectual property rights that it earlier assigned to Shenda and in return received proper compensation from Chattery.

37. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

38. Plaintiff Shenda is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees, in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

## FOURTH CAUSE OF ACTION
### Common Law Unfair Competition
### (Plaintiff Shenda against Defendant)

39. Plaintiffs re-allege each and every allegation in paragraphs 1 through 38 inclusive, and incorporate them by reference herein.

40. Shenda is the rightful owner of the Trademark.

41. The actions of Defendant as alleged above created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association or affiliation of the consumer audio products Defendant sold, in violation of the common law of unfair competition of the State of Maryland.

42. The actions of Defendant alleged above were done deliberately and intentionally and with actual malice.

43. The actions of Defendant as alleged above were committed with the intention of passing off or palming off Defendant's products as if such products were those of Shenda. Defendant acted with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of Maryland.

44. Shenda has been damaged as a result of Defendant's actions in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

## FIFTH CAUSE OF ACTION
### Common Law Trademark Infringement
### (Plaintiff Shenda against Defendant)

45. Plaintiff re-alleges each and every allegation in paragraphs 1 through 44 inclusive, and incorporate them by reference herein.

46. In addition to the Chinese trademark registration owned by Plaintiff Shenda as set forth above, Plaintiff Shenda also owns and uses the Trademark and enjoys

common law rights in Maryland and throughout the United States in and to the Trademark on its consumer audio products, which were distributed in the United States by Defendant. Defendant, per the 1997 Agreement, has assigned all right and title to the Trademark to Shenda.

47. Furthermore, Shenda is the rightful owner of the Trademark.

48. Defendant has deliberately and willfully used the Trademark on its advertisements and in conjunction with its goods, which is likely to cause confusion, deception and mistake among consumers, purchasers and distributors, by creating the false and erroneous impression that Defendant's products are approved, sponsored, distributed or endorsed by Plaintiffs, or are in some other way connected to Plaintiffs.

49. As a result of such trademark infringement and unfair competition, Plaintiff Shenda has suffered irreparable harm and will continue to suffer irreparable harm if such conduct is not enjoined. Shenda has no adequate remedy at law, and it is entitled to preliminary and permanent injunction prohibiting any unfair business practices or acts of unfair competition by Shenda has also been damaged as a result of Defendant's actions in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

### SIXTH CAUSE OF ACTION
### Conversion
### (Plaintiff Shenda against Defendant)

50. Plaintiff re-alleges each and every allegation in paragraphs 1 through 49 inclusive, and incorporate them by reference herein.

51. Shenda is and has been the sole and exclusive owner of the Trademark at the time of conversion. Shenda's Trademark is registered in China under registration number 1163193. Plaintiffs granted Defendant to be the exclusive distributor for a consumer audio product series manufactured by Shenda, limited for sale in the United States and Europe. The

1997 Agreement specifically states Defendant shall have *no right* in the Trademark and shall not be authorized to register the Trademark on its own behalf without prior approval of Shenda or Chattery.

52. Shenda is the rightful owner of the Trademark.

53. Defendant has intentionally interfered with Shenda's property through the unauthorized registration and use of the Trademark in connection with for its own manufactured or third person manufactured consumer audio products or goods manufactured by third parties, and has done so with actual malice.

54. Shenda has been damaged as a result of Defendant's actions in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

### SEVENTH CAUSE OF ACTION
### Trademark Infringement and Unfair Competition Under the Common Law of Maryland
### (Plaintiff Shenda against Defendant)

55. Plaintiffs repeat the allegations contained in paragraphs 1-54 above as if fully set forth herein.

56. Plaintiffs and Defendant compete with one another in the market for the production and sale of audio equipment. Defendants' acts complained of herein are likely to cause confusion, misrepresentation, or to cause mistake or to deceive the consuming public in Maryland as to the affiliation, approval, sponsorship, or connection between Plaintiff and the Defendants. The acts of the Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of Maryland and were done with actual malice.

57. Shenda has been damaged as a result of Defendant's actions in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

## EIGHTH CAUSE OF ACTION
### (Plaintiffs Chattery and Shenda against Defendant)
### Unjust Enrichment Under the Common Law of Maryland

58. Plaintiffs repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

59. The acts of the Defendant complained of herein constitute unjust enrichment of the Defendants at Plaintiffs' expense.

60. Chattery and Shenda have been damaged as a result of Defendant's actions in an amount to be determined at trial, but which is at least $313,000.00, plus interest and costs.

## NINTH CAUSE OF ACTION
### (Plaintiff Shenda against Defendant)
### Injunction

61. Plaintiffs repeat the allegations contained in paragraphs 1-60 above as if fully set forth herein.

62. The actions of the Defendant has caused, is causing and will continue to cause substantial and irreparable harm to Shenda for which there is no adequate remedy at law.

63. The actions of the Defendant are likely to cause confusion or mistake or to deceive the public as to the origin or sponsorship of the "JOLIDA" brand audio products.

64. The irreparable harm being suffered by Shenda can only be remedied by an injunction that prohibits the Defendant from the direct or indirect use of the Trademark.

## TENTH CAUSE OF ACTION
### (Plaintiff Shenda against Defendant)
### Declaratory Judgment

65. Plaintiffs repeat the allegations contained in paragraphs 1-64 above as if fully set forth herein.

66. Defendant is using the Trademark and, by its act in registering the Trademark and by other acts, is claiming that it owns and has the right to use the Trademark.

67. Plaintiffs claim that Defendant has no ownership right in the Trademark and does not have the right to use or utilize the Trademark in any way other than in connection with acting as a distributor of Shenda's product and only as permitted under the 1997 Agreement.

68. There exists an actual controversy of a justiciable issue between Plaintiffs and Defendant within the jurisdiction of this Court, involving the rights and liabilities of the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A.) Declare that Shenda is the rightful owner of the Trademark;

B.) Grant an injunction temporarily, preliminarily and permanently enjoining and restraining Defendant, Defendant's officers, directors, employees, agents, representatives, and all persons acting in concert or participation with them from:

  (1) Directly or indirectly infringing upon the Trademark by continuing to market, offer, sell, dispose, license, lease, transfer, display, advertise, reproduce, develop, publish or manufacture any works bearing this mark, or to advertise in a manner which is false, misleading and injurious to Plaintiffs.

  (2) Directly or indirectly using the Trademark or any derivative thereof as part of the brand name of any consumer audio or video products, or any other mark, word, or name that is likely to cause confusion, mistake, or to

    deceive, or to dilute the distinctive quality of Plaintiffs' Trademark, or Plaintiffs' label, brand name or logo design;

  (3) Directly or indirectly utilizing any label, brand name or logo design which is similar to the Trademark;

  (4) Continuing any and all acts of unfair competition as herein alleged; or

  (5) Otherwise taking any action likely to cause confusion or mistake or to deceive the public as to the origin or sponsorship of such merchandise or activities;

C.) Enter an Order requiring Defendant to deliver up to be impounded during the pendency of this action, any labels, signs, prints, packages, and advertisements bearing the Trademark in its possession or under their control, and to deliver up for destruction all infringing copies and all plates, molds, and other matter for making such infringing copies;

D.) Enter an Order that the Defendant be required to account to Plaintiffs for any and all profits derived by Defendant from the sale of its goods using the Trademark;

E.) Enter an Order that Defendant be required to pay over to Plaintiffs all damages sustained by Plaintiffs by reason of its acts of breach of contract, infringement and unfair competition complained of herein, and all profits attributable to the infringement of Plaintiffs' Trademark or wrongfully derived by Defendant as a result of is misappropriation and misuse of the Trademark, and that all damages be trebled;

F.) Award Plaintiffs punitive damages;

G.) Award Plaintiffs prejudgment and post-judgment interest;

H.) Award Plaintiffs the expenses, including reasonable attorneys' fees, incurred by Plaintiffs in the pursuit of this action; and

I.) Award Plaintiffs their costs and such further relief as this Court deems necessary, just and proper.

J.) Order Defendant to provide restitution for its unlawful business practices and false and misleading statements.

K.) Order such additional and different relief as the Court deems proper under the circumstances.

**PRAYER FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Respectfully submitted,

*Cynthia L Leppert*
CYNTHIA L. LEPPERT (Federal Bar No. 05857)
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202
(410) 332-8529
Fax: (410) 332-8578
Email: cll@nqgrg.com

Attorney for Plaintiffs

OF COUNSEL:

Ali Kamarei, Esq.*
Inhouse Co.
50 W. San Fernando St., Ste. 900
San Jose, CA 95113
Tel: (408)918-5393
Fax:(408)918-5373

Attorney for Plaintiffs

293656/4826.1